No. 727 July 29, 2026 885

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. P.-D.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

J. P.-D.,
*Appellant.*

Marion County Circuit Court
24JU05003; A186323 (Control), A186324

Tiffany Underwood, Judge pro tempore.

Argued and submitted June 2, 2026.

Ginger Fitch argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this juvenile delinquency proceeding, youth appeals from a judgment asserting delinquency jurisdiction over him for conduct that, if committed by an adult, would constitute first-degree theft, ORS 164.055, unlawful possession of a firearm, ORS 166.250, and possession of a firearm in a public building, ORS 166.370. In three assignments of error, youth argues that the state's evidence was legally insufficient to support the adjudication. Alternatively, he asks us to exercise our discretion to conduct *de novo* review of the record and make different factual findings than the juvenile court. For the reasons explained below, we affirm.

First, we decline youth's request for *de novo* review as this is not an exceptional case warranting such review. ORAP 5.40(8)(c) (providing that we may exercise our discretion to "try the cause anew * * * only in exceptional cases"). We therefore review the juvenile court's legal conclusions for errors of law and defer to the court's findings of historical fact if there is constitutionally sufficient evidence to support them. *State v. D. B. O.*, 326 Or App 384, 385, 532 P3d 921 (2023). Importantly, "[w]e do not weigh the evidence to reach our own verdict, but instead view the evidence in the light most favorable to the state and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 386. We briefly recount the facts necessary to provide context for our ruling in accordance with that standard.

During a routine security check-in at his high school, a safety officer discovered a gun in a laptop sleeve in youth's backpack. At trial, a police officer who had responded to the high school testified that youth initially told him that he had found the gun in his mother's closet but denied placing it in his backpack. Youth then told him that he had placed the gun into a backpack, which his mother brought to him when she picked him up the next morning to take him to school.

As part of youth's case, his father testified that, the weekend before the gun was discovered at the school, he

had visited a friend's ranch and that he had stored the gun in youth's backpack to avoid "leav[ing] it on the car seat." According to father's testimony, he forgot to remove the gun from the backpack when he returned home later that night. Youth also testified that he did not know the gun was in his backpack until it was discovered during the security check, but he "took the blame" because he was "afraid of getting whoever forgot [the gun] in [his] backpack in trouble." The juvenile court concluded that the state had proved each allegation against youth beyond a reasonable doubt, crediting the officer's testimony about youth's admission and finding father's testimony not credible.

*First-Degree Theft*: In his first assignment of error, youth argues that the juvenile court erred in adjudicating him for first-degree theft, ORS 164.055,[1] because the state failed to prove beyond a reasonable doubt that youth had the requisite mental state—specifically, that he intended to permanently deprive his mother of the gun. *See State v. Christine*, 193 Or App 800, 809-10, 93 P3d 82, *rev den*, 337 Or 476 (2004) (concluding that, to prove theft, the state must establish the defendant's "intent to cause permanent or near-permanent deprivation or appropriation of property," although "an intent to use or control property temporarily is sufficient if the owner or rightful possessor of the property is divested of a significant benefit of the property through that temporary use or control"). The state responds that youth failed to preserve that argument for our review. We agree with the state's argument on the lack of preservation.

Below, in closing, youth's counsel argued that the court should find, based on the evidence presented, that youth's father had placed the gun in the backpack without youth's knowledge and that youth had made statements to the contrary to police out of fear of getting his parents in trouble. For those reasons, counsel argued that the state had failed to meet its burden:

---

[1] ORS 164.055(1)(d) provides, in relevant part, that a person commits first-degree theft if "the person commits theft as defined in ORS 164.015" and the "subject of the theft is a firearm." In turn, ORS 164.015 provides that "[a] person commits theft when, with intent to deprive another of property[,]" the person "[t]akes, appropriates, obtains or withholds such property from an owner thereof[.]"

"And so I would submit to the Court that the State hasn't met its burden of proving beyond a reasonable doubt for any of these allegations.

"I do understand why they went forward with them, but today, after hearing all the evidence, it's just not enough for—to prove beyond a reasonable doubt that [youth], despite his statements, which people in this situation often make, that—they make—you know, say whatever they think is going to get them out of—out of trouble or get somebody else out of trouble. And that's what he did unfortunately."

In some circumstances, a youth may preserve an argument regarding the sufficiency of the state's evidence by raising the issue in closing argument. *State v. R. W. G.,* 288 Or App 238, 240, 404 P3d 1131 (2017). However, "an argument that seeks to convince a trial court, sitting as fact finder, not to be *persuaded* by the evidence favoring the other party" is substantively distinct from "an argument that seeks to convince the trial court that the evidence is *legally* insufficient to support a verdict for that other party." *Id.* (emphases in original). And to preserve an insufficiency-of-the-evidence claim for appeal, "a party must present the court with the latter type of argument." *Id.*

Here, youth did not argue that the trial court could not, as a matter of law, conclude that he had intended to permanently deprive mother of her property, nor did he specifically argue that the record lacked evidence that would support such a finding. Rather, his argument urged the juvenile court, as factfinder, to believe father's testimony that he had placed the gun in the backpack without youth's knowledge. Moreover, youth's closing assertion that the state had failed to meet its evidentiary burden was broad and lacked the specificity required to preserve his argument that the state's evidence was insufficient to prove the culpable mental state. *See State v. Walker,* 350 Or 540, 552, 258 P3d 1228 (2011) (explaining that "[t]he appropriate focus" of the preservation analysis "is whether a party has given opponents and the trial court enough information to be able to understand the contention and to fairly respond to it").

In arguing that he preserved his argument, youth emphasizes that, in its opening statement and closing

argument, the state framed the "question" for the trial court as whether youth knew that the gun was in his backpack when he entered the school and whether he actually stole the gun from his mother's closet. We disagree with youth's argument that, by identifying the key *factual* questions for resolution by the juvenile court sitting as factfinder, the state somehow relieved youth of his obligation to identify the alleged *legal* deficiencies in the state's case against him. *See State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024) ("[P]reservation requires a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred.").

Youth has not requested that we review his claim of error as plain, and we therefore do not undertake that analysis. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to use why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error." (Internal quotation marks omitted.)).

*Unlawful Possession of a Firearm*: In his second assignment, youth argues that the juvenile court erred in adjudicating him for unlawful possession of a firearm, ORS 166.250,[2] for three reasons. First, he contends that the state failed to prove that youth was under 18 years of age at the time of the incident. Youth concedes that he failed to preserve that argument but requests plain error review. Second, youth argues that the state failed to prove that he knew possession of the gun was prohibited. Third, he contends that the state failed to prove that he knew that he was in the physical possession of the gun.

---

[2] ORS 166.250 provides, as relevant:

"(1)  *** [A] person commits the crime of unlawful possession of a firearm if the person knowingly:

"*****

"(c) Possesses a firearm and:

"(A)  Is under 18 years of age[.]"

As to youth's first argument regarding the evidence of his age, the record shows that, at the time of the incident, youth was attending high school, and, per the testimony of his juvenile probation officer, was under the jurisdiction of the juvenile court and resided in a shelter program for youth. Based on that evidence, we conclude that a rational fact-finder could reasonably infer that youth was under 18 years of age at the time of the incident, and it is therefore neither obvious nor beyond reasonable dispute that the record was legally insufficient to establish that fact. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (plain error requires "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences").

For the same reasons we rejected youth's first assignment as unpreserved, we conclude that youth failed to preserve his arguments concerning the sufficiency of the state's evidence to prove that youth knew that he possessed the gun, and that possession of the handgun was unlawful. Although youth urged the juvenile court to believe his father's testimony that he placed the gun in youth's backpack without his knowledge, youth did not argue that the police officer's testimony that youth had admitted to placing the gun in his backpack was insufficient to support a factual finding that youth knew he possessed the gun. Nor did youth argue that the state was required to prove a knowing mental state as to the unlawfulness of the possession, as he now does on appeal, and he did not otherwise contend that the record was deficient as to that purported element. We therefore reject youth's second assignment of error.

*Possession of a Firearm in a Public Building*: In his third assignment, youth argues that the juvenile court erred in adjudicating him for possession of a firearm in a public building, ORS 166.370,[3] because the state failed to prove that he intentionally possessed the gun at school. We similarly reject youth's third assignment of error as unpreserved. As we have previously noted, youth disputed, as a

---

[3] ORS 166.370(1)(a) provides that "[a]ny person who intentionally possesses a loaded or unloaded firearm or any other instrument used as a dangerous weapon, while in or on a public building, shall upon conviction be guilty of a Class C felony."

factual matter, that he knew that the gun was in his backpack when he entered the school. He did not, however, argue to the juvenile court that the state's evidence, specifically, the officer's testimony that youth stated that he had found the gun in his mother's closet and placed it in his backpack, was insufficient, as a matter of law, to prove that he acted with the requisite intent.[4]

Affirmed.

_____

[4] We observe that even if the issue was preserved it is unlikely that youth could meet his burden to demonstrate that there was insufficient evidence to support youth's adjudication on the allegations of theft, unlawful possession of a firearm, and possession of a firearm in a public building. When we consider a sufficiency argument, we review the evidence in the light most favorable to the state to determine whether a rational trier of fact could have found the essential elements of the charges beyond a reasonable doubt. *D.B.O.*, 326 Or App at 385. Here, the record demonstrates that during a routine security check at school, a school security officer found a 9mm Glock pistol concealed inside a laptop sleeve in youth's backpack. Youth told an investigating officer that he found the gun outside of his mother's gun safe and put it in his backpack. Youth was on probation and prohibited from possessing firearms; indeed, all firearms in the house were required to be stored out of youth's control in a locked safe. Although we do not make a definitive ruling here, after considering the evidence in light of the elements the state had to prove, it appears that the evidence was sufficient to sustain the adjudications.